IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GABRIEL G. RODRIGUEZ, § <br> PLAINTIFF, § <br> § <br> V. § <br> § <br> DAVID KILLAM, CLIFFE KILLAM, AND § <br> KILLAM OIL COMPANY LTD., § <br> DEFENDANTS. § | CASE NO. 3:23-CV-139-L-BK |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Before the Court for consideration is the *Motion by David Killam, Cliffe Killam, and Killam Oil Company, Ltd to Dismiss under Rules 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6)*, Doc. 9, and supplement thereto, Doc. 14. Upon review, this case should be **SUMMARILY DISMISSED** pursuant to a prior filing injunction and Defendants' motion to dismiss should be **TERMINATED AS MOOT**.

I. BACKGROUND

As the Court of Appeals for the Fifth Circuit recently framed it, "[t]his case arises from Gabriel Rodriguez's ceaseless efforts to acquire nine tracts of real property and mineral rights ("the property") that were bequeathed to his adoptive father in a 1943 will." *Rodriguez v. Rodriguez*, No. 22-40666, 2023 WL 3318033, at *1 (5th Cir. May 9, 2023). The will was probated in 1957, and the court granted the property to Plaintiff's father but, following extensive litigation, a Texas county judge determined in December 2005 that the rightful heirs to the

property were the father's sister, her heirs, and their descendants. *Rodriguez v. Garza*, No. 04-06-00139-CV, 2007 WL 2116411, at *4 (Tex. App.-San Antonio July 25, 2007, pet. denied).

Plaintiff initiated the present action by filing a *Lawsuit for Theft* pertaining to the property and requesting $2 billion in damages. Doc. 3, *passim*. Defendants now move to dismiss on a variety of grounds pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Doc. 9; Doc. 10, *passim*. Additionally, Defendants seek sanctions against Plaintiff in the form of an award of fees and costs, an additional "amount to discourage further frivolous and harassing litigation," and an injunction barring Plaintiff and those acting on his behalf from filing any future actions in federal court related to the property. Doc. 10 at 22-23. However, because this case should be dismissed due to a filing injunction entered against Plaintiff in a separate action, the Court need not reach the merits of Defendants' Rule 12 arguments, and the motion *sub judice* should be terminated as moot.

## II. PRIOR SANCTIONS

United States District Judge Randy Crane recently recounted Plaintiff's extensive litigation history pertaining to the property, including a plethora of cases and appeals filed in Texas state court and federal courts since December 2005. *Rodriguez v. Rodriguez*, No. 7:22-CV-00176 (S.D. Tex. Sept. 30, 2022), Dkt. 73 at 4-7 (citing *Garza*, 2007 WL 2116411, at *2-4); *Est. of Rodriguez v. Rodriguez*, No. 04-08-00230-CV, 2009 WL 2264359 (Tex. App.-San Antonio July 29, 2009, pet. denied)[1]; *Rodriguez v. Schmidt*, No. 7:13-CV-73, 2014 WL 37290, at *1 (S.D. Tex. Jan. 2, 2014); *In re Rodriguez*, No. 10-70606, 2022 WL 1210273, at *3 (S.D. Tex. Apr. 22, 2022). Upon one defendant's motion, Judge Crane found that Plaintiff's claims lacked

---

[1] The court noted that the appeal represented the fourth time the parties had been before the court regarding the property. *Est. of Rodriguez*, 2009 WL 2264359, at n.1.

"any legitimate factual or legal basis," as title to the property had been established and reaffirmed repeatedly and Plaintiff was already subject to a state court filing injunction. *Rodriguez*, No. 7:22-CV-00176, Dkt. 73 at 29-30.

Accordingly, on September 30, 2022, Judge Crane "enjoined [Plaintiff] from filing suit in federal court premised on Plaintiff's asserted right to property ordered and adjudged to belong to [the rightful heirs]." *Rodriguez*, No. 7:22-CV-00176, Dkt. 73 at 31. The Fifth Circuit dismissed Plaintiff's appeal of Judge Crane's order as frivolous on May 9, 2023. *Rodriguez*, 2023 WL 3318033, at *1. In the meantime, Plaintiff filed this action in January 2023. Doc. 3. On May 23, 2023, Judge Crane authorized discovery in connection with a motion for civil contempt filed against Plaintiff for bringing this civil action in violation of that court's injunction. *Rodriguez*, No. 7:22-CV-00176, Dkt. 82.

Federal courts in Texas routinely honor sanctions imposed by other federal district courts in Texas against vexatious litigants. *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (per curiam) (affirming dismissal of case based on another district's sanction order). The primary basis for doing so is the doctrine of judicial notice under which one court may take notice of another court's judicial actions, including records of litigation and sanction orders. *See Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 407 n.7 (5th Cir. 2004) (stating that a court "may take judicial notice of another court's judicial action."). Indeed, judges in this district frequently dismiss cases based on filing injunctions entered in other federal courts. *See, e.g.*, *Peters v. Tex. Dep't of Crim. J.*, No. 3:22-CV-2213-L-BN, 2022 WL 16579329, at *2 (N.D. Tex. Oct. 7, 2022) (Horan, J.), *adopted by* 2022 WL 16579325 (N.D. Tex. Oct. 31, 2022) (Lindsay, J.); *Greene v. Direct TV, Inc.*, No. 3:20-CV-1171-D-BT, 2020 WL 3548224, at *2 (N.D. Tex. June 9, 2020) (Rutherford, J.), *adopted by* 2020 WL 3545657 (N.D. Tex. June 30,

3

2020) (Fitzwater, J.); *Baney v. Holder*, No. 3:12-CV-5140-N-BN, 2013 WL 875231, at *6 (N.D. Tex. Feb. 5, 2013) (Horan, J.), *adopted by* 2013 WL 875285 (N.D. Tex. Mar. 11, 2013) (Godbey, J.).  In keeping with this line of cases, the Court should honor the sanctions imposed against Plaintiff in the Southern District of Texas and summarily dismiss this case.

### III. CONCLUSION

For the foregoing reasons, this case should be **DISMISSED WITH PREJUDICE** and the *Motion by David Killam, Cliffe Killam, and Killam Oil Company, Ltd to Dismiss under Rules 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6)*, Doc. 9, should be **TERMINATED AS MOOT**.  If this recommendation is accepted, Defendants may file a motion seeking attorneys' fees and costs and brief the appropriate monetary sanctions within 14 days of the district judge's order and judgment.

**SO RECOMMENDED** on August 15, 2023.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).