IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **GABRIEL-G.:RODRIGUEZ,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-139-L-BK** |
| § | |
| **DAVID KILLAM; CLIFFE KILLAM;** § | |
| **and KILLAM OIL COMPANY LTD.,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

On August 15, 2023, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 20) was entered, recommending that the court summarily dismiss this action pursuant to a prior order entered in the Southern District of Texas by United States District Judge Randy Crane enjoining Gabriel Rodriguez from filing any new federal actions premised on his asserted right to nine tracts of real property ordered and adjudged to belong to others. The Report further recommends that the court terminate as moot Defendants' Motions to Dismiss ("Motions") (Docs. 9, 14) without addressing Defendants' arguments regarding subject matter jurisdiction. Additionally, the Report states: "If this recommendation is accepted, Defendants may file a motion seeking attorneys' fees and costs and brief the appropriate monetary sanctions within 14 days of the district judge's order and judgment." Report 4. On September 1, 2023, Plaintiff filed a Notice of Evidence ("Notice") (Doc. 22), presumably in response to the Report, which includes three court opinions, the last of which is not entirely legible. No explanation regarding the import of these opinions was provided by Plaintiff.[1]

---

[1] After filing his Notice, Plaintiff also filed on September 14, 2023, a request for a copy of the Report (Doc. 23), asserting that he had not received the Report. According to the docket sheet, the copy of the Report mailed to him was returned as undeliverable even though it was sent to the same address used in his recent request for a copy of the

**Memorandum Opinion and Order – Page 1**

The Report accurately details Plaintiff's ongoing efforts over many years to acquire legal title to nine tracts of real property and mineral rights (the "Property") that were bequeathed to his adoptive father in a 1943 will. Although it is readily apparent that all of the claims asserted by him in this action, including his federal claims, are insufficiently pleaded, the court determines it has subject matter jurisdiction based on a federal question. Accordingly, Defendants' Motion to Dismiss (Doc. 9) for lack of subject matter jurisdiction is **denied**. Further, as Defendants contend that Plaintiff's claims and this lawsuit are barred by Judge Crane's order, and dismissal on this ground is appropriate, the court **grants** their Motions (Docs. 9, 14) on this ground rather than terminating or denying them in their entirety as moot as proposed by the magistrate judge. For the reasons herein explained, the Notice filed by Plaintiff and the matters relied on by him do not persuade the court otherwise. Thus, to the extent the Notice was intended as objections to the Report, they are **overruled**. The court need not address the remaining arguments by Defendants under Rule 12(b)(5) and 12(b)(6). Accordingly, the Motions as to these grounds are **denied as moot**. Although the court has taken a slightly different approach to resolving Defendants' Motions, it reaches the same result. The court, therefore, **accepts** the magistrate judge's findings and conclusions **as modified and supplemented** by this memorandum opinion and order.

I.   Background

Plaintiff filed this pro se civil action in the name of "Gabriel-G.:Rodriguez" against Killam Oil Company, Ltd. ("Killam") and its limited partners David and Cliffe Killam (collectively,

---

Report. This is the third time an order mailed to Plaintiff at the same address was returned undeliverable. It was for this reason that the magistrate judge previously issued two Orders and Notices of Deficiency (Docs. 5, 8), directing Plaintiff to provide the court with a current address and to register as a user of the court's electronic filing system. Plaintiff did neither despite being warned that his failure to do so would result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). Regardless, there is no indication that Plaintiff has had any trouble responding to the filings in this case by the court or Defendants. For this reason, and because Plaintiff has not requested to proceed *in forma pauperis*, and there is no indication that he would qualify to proceed *in forma pauperis* since he paid the filing fee, the court **denies** his request (Doc. 23) to have a hard copy of the Report mailed to him a second time free of charge and declines to delay the resolution of this litigation on this ground.

**Memorandum Opinion and Order – Page 2**

"Defendants") on January 18, 2023, asserting state claims for alleged theft, trespass, and deceptive trade practices, and federal causes of action for "Federal Theft"; "Federal Fraud"; "Federal Contract Law"; "Violation of Due Process of Law and The Civil Rights Act of 1964"; "Denied Equality"; alleged violation of the Influenced and Corrupted Organizations Act ("RICO"); alleged "IRS violations of illegal gains"; alleged violation of "Maritime Law."  Pl.'s Compl. 1-2.  The thrust of these claims is that Defendants are guilty of stealing minerals owned by him because they began drilling for oil and gas in 2021 "on the C.V. De Lopez B Lease in San Isidro, Texas," without obtaining a lease or contract from him authorizing such drilling. *Id.* at 1. For relief, Plaintiff seeks two billion dollars.  Additionally, in his Complaint, which he refers to as his "Lawsuit for Theft," Plaintiff requests that the court:

> contact the Federal Bureau of Investigations, the IRS, and the Department of Justice for the unlawful conduct against the United States of America. By the underworld and RICO Criminal Acts by David Killam , Cliffe Killam and any officers of Killam Oil Company Ltd. has [sic] caused irreparable harm to Mr. :Gabriel- G: Rodriguez. The Plaintiff Mr. :Gabriel-G: Rodriguez states that the share-holders received gains from the illegal RICO operations and should become Defendants by the Law of Parties. The Plaintiff, Mr. :Gabriel-G: Rodriguez[,] is requesting a hearing by the United States Judge on this issue. The Plaintiff, Mr. :Gabriel-G: Rodriguez[,] believes that some or all share-holders have knowledge of the illegal facts before this court.

*Id.* at 3-4.

On February 13, 2023, Defendants moved to dismiss this action pursuant to: (1) Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction; (2) Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process; and (3) Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Doc. 9 ("Motion to Dismiss").  Twenty-one days later on March 6, 2023, Defendants filed a supplement to their Motion to Dismiss to, among other things, notify the court of recent developments regarding a hearing before an administrative law judge for the Texas Railroad Commission pertaining to the

C.V. De Lopez B Lease. Doc. 17 ("Supplemental Motion to Dismiss"). Defendants contend that they are entitled to dismissal of this action for lack of subject matter jurisdiction based on diversity or federal question jurisdiction; for lack of jurisdiction based on the *Rooker-Feldman* doctrine; insufficient service of process; and failure to state a claim upon which relief can be granted. Defendants argue that Plaintiff was previously barred on more than one occasion by state and federal courts from further litigating any claimed interest in the nine tracts of land and, therefore, has no right to receive royalties under the C.V. De Lopez B Lease on that Property.

Pursuant to Federal Rule of Civil Procedure 11, Defendants, therefore, request that the court order Plaintiff to pay them attorney's fees as a sanction to discourage him from filing frivolous and harassing litigation. In addition, Defendants contend that Plaintiff, and all persons acting with him or on his behalf, should be enjoined from filing any lawsuit in federal court related to their claim to the minerals at issue. For the first time in their response to Plaintiff's Notice to the Report, Defendants also argue that, in addition to attorney's fees, the court should "impose sanctions beyond a monetary award . . . and hold Plaintiff and Paul Celestine in contempt" because Plaintiff's filings in this case and Mr. Celestine's participation in the case[2] are a clear violation of Rule 11 and prior anti-suit injunctions, including Judge Crane's order. According to Defendants, a finding of contempt and monetary sanctions are necessary because Plaintiff has repeatedly in various proceedings expressed his intent to continue filing harassing lawsuits to litigate the issue regarding his alleged interest in the Property. Alternatively, Defendants request that the court adopt the same anti-suit injunction as Judge Crane and order that any further attempts by Plaintiff

---

[2] Defendants assert that, as noted in Judge Crane's order, Mr. Celestine injected himself into that litigation, and he has done so again in this lawsuit by contacting defense counsel to request copies of filings, filing purported returns of service, and claiming to be Plaintiff's representative and a maritime judge, although there is no indication that he is even authorized to practice law.

**Memorandum Opinion and Order – Page 4**

or those acting with him or on his behalf to litigate an interest in the Property will be a violation of that injunction and punishable as contempt of court.

Plaintiff filed two untimely responses without leave of court to Defendants' Motion to Dismiss. Docs. 17, 19. The first response was filed on March 14, 2023, five weeks after the Motion to Dismiss was filed. The second response was filed on April 12, 2023, approximately eight weeks after the Motion to Dismiss was filed.

The central dispute between the parties is whether Plaintiff has to right to receive royalties under the C.V. De Lopez B Lease. Defendants contend that Plaintiff's claims with respect to this Lease fail as a matter of law because they are all premised on his alleged ownership of the nine tracts of Property, and this issue has been decided against him in various prior state proceedings. Defendants asserts that, most recently on January 26, 2023, the 229th Judicial District Court in Starr County, Texas, ruled in Case no. DC-22-282 that Gabriel Rodriguez Sr. and Gabriel Rodriguez Jr. do not own or have any interest in the nine tracts of land or any right to receive royalties under the C.V. De Lopez B Lease on that Property.

Defendants further assert that, although Plaintiff alleges that the theft was perpetrated by an illegal registration with the Texas Railroad Commission, they submitted evidence showing that Killam Oil Company, Ltd. has a bond and is lawfully registered with the Texas Railroad Commission to conduct mineral development operations. In their Supplemental Motion to Dismiss, Defendants also note that, after they filed their Motion to Dismiss, an administrative law judge for the Texas Railroad Commission issued an order on February 17, 2023, confirming that the C.V. De Lopez B Lease involves the nine tracts of Property at issue, that the title to this Property has been previously adjudicated and was not awarded to Plaintiff or his heirs, and, consequently, Plaintiff cannot enter into any oil and gas lease with respect to the Property because

he does not own the mineral interests for the C.V. De Lopez B Lease. This order was submitted as an exhibit to Defendants' Supplemental Motion to Dismiss.

Plaintiff responds that the Texas Railroad Commission's ruling violates the October 5, 2021 order entered in an involuntary bankruptcy proceeding against him in the Southern District of Texas in which the bankruptcy court in Adversary Case No. 21-7005[3] "took state and federal jurisdiction, under a core issue" in denying his motion to remand. Pl.'s Resp. 1 (Doc. 17). Plaintiff further asserts that "[a]ll the people involved in [that case] are dead and therefore [he] owns all the land"; that the issue is "res judicata" such that Defendants "do not have standing to rely on the [Texas] Railroad Commission or anyone else"; and "Attorney Craig Smith and the alleged heir do not have a claim[.] Mr. Rodriguez is the only owner of the 2000 acres of land."[4] *Id*.

Even considering the untimely responses by Plaintiff to Defendants' Motions, the court determines that it has subject matter jurisdiction over this action, and Defendants are entitled to dismissal of this action based on Judge Crane's order. The court's review of the cases and orders relied on by both parties, of which the court takes judicial notice, confirms that dismissal of the action is appropriate on this ground.

## II.    Discussion

### A.  Subject Matter Jurisdiction

Defendants assert that Plaintiff has not pled and cannot demonstrate federal jurisdiction, that he "has not met his burden to plead facts to show that subject matter jurisdiction exists in this

---

[3] This adversary action pertains to *In re Rodriguez*, bankruptcy Case No. 10-70606, filed in the Southern District of Texas, McAllen Division.

[4] Attorney Craig S. Smith represented the heirs with competing interests to the Property, who were found to be the rightful owners of the Property. Craig S. Smith was also sued by Plaintiff in the bankruptcy adversary action, sought sanctions against Plaintiff, and is referenced throughout Judge Crane's order addressing the sanctions issue and other motions. Defs.' App. Ex. 3 (Doc. 11) (*Gabriel Rodriguez v. Orlando Rodriguez, et al.*, Case No. 7:22-CV-176 (Sept. 30, 2022 Order, Doc. 73).

case," and he "has not even attempted to plead diversity jurisdiction, leaving federal question jurisdiction as the only possible option for federal jurisdiction in this [c]ourt for this case." Defs.' Mot. to Dismiss Brief 7 (Doc. 10).

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.* The court, therefore, discusses the issue of subject matter jurisdiction first even though it was not addressed by the magistrate judge. The court agrees with Defendants that Plaintiff has not alleged that subject matter jurisdiction based on diversity of citizenship exists, and his pleadings contain no basis for the undersigned to determine that there is jurisdiction based on diversity. Accordingly, the court considers whether Plaintiff's pleadings establish the existence of federal question jurisdiction.

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, which is commonly referred to as federal question jurisdiction. 28 U.S.C. § 1331. Whether an action "arises under" federal law and creates federal question jurisdiction over a case originally filed in federal court ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted).

Defendants argue that Plaintiff's allegations regarding theft, trespass, fraud, deceptive trade practices, and contractual issues have no basis in federal law and are purely state law claims that are insufficient to support federal question jurisdiction. Defendants contend that Plaintiff's

pleadings do not satisfy the requirements for invoking admiralty jurisdiction under federal maritime law, and Plaintiff's remaining claims for alleged IRS violations, RICO violations, and civil rights violations are insufficiently pleaded or fail to state plausible claims for relief.

The court agrees that Plaintiff's claim based on alleged RICO violations is insufficiently pleaded, and his claims based on maritime law, and alleged IRS and civil rights violations appear on their face to be frivolous. It, nevertheless, determines that Plaintiff's assertion of a RICO claim is sufficient at this stage to support federal question jurisdiction because the existence of subject matter jurisdiction based on a federal question does not turn on whether a plaintiff's initial pleadings contain sufficient facts to state a claim upon which relief can be granted for purposes of Rule 12(b)(6). Defendants' Motion to Dismiss as to this issue appears to conflate the standards for dismissal under Rule 12(b)(1) and Rule 12(b)(6). Thus, the court has subject matter jurisdiction over this action, and Defendants' Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), is **denied.**

### B. *Rooker-Feldman* Doctrine

"Reduced to its essence, the *Rooker–Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments" except when authorized by Congress. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir.2004) (internal quotation marks and citation omitted). The doctrine is quite narrow and "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Because of the "narrow ground" occupied by the *Rooker–Feldman* doctrine, it does not prohibit a plaintiff from "present[ing] some independent claim, albeit one that denies a legal conclusion that

a state court has reached in a case to which he was a party." *Id.* at 284, 293 (citation omitted). Such a situation would, instead by governed by state law principles regarding preclusion. *Id.* at 293.

"One hallmark of the *Rooker–Feldman* inquiry is what the federal court is being asked to review and reject." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (citation omitted). Federal courts lack jurisdiction to hear "challenges to state court decisions . . . arising out of *judicial proceedings*." *Id.* (citation omitted). The doctrine, however, does not preclude a federal "district court from reviewing non-state-court decisions"; nor does it bar challenges in federal court "to a rule on which a judicial decision was based if the rule was promulgated in a non-judicial proceeding." *Id.* at 382 (citations and internal quotation marks omitted).

Another "hallmark of the *Rooker–Feldman* inquiry is the source of the federal plaintiff's alleged injury." *Id.* (citing *Exxon Mobil*, 544 U.S. at 284). If a plaintiff "asserts as a legal wrong an allegedly erroneous decision by a state court [] and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court." *Truong*, 717 F.3d at 382-83 (citation omitted). If, on the other hand, a plaintiff "asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction." *Id.* at 283. Further, "when there is parallel state and federal litigation, *Rooker–Feldman* is not triggered simply by the entry of judgment in state court." *Exxon Mobil*, 544 U.S. at 292. As the Supreme Court in *Exxon Mobil* explained, "[t]his Court has repeatedly held that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Id.*

The order by the court in the 229th Judicial District Court in Starr County was entered on January 26, 2023, *after Plaintiff initiated this action*. Thus, the proceedings in that case are not a bar to the court's jurisdiction. *See id.* Moreover, while the order in that case concludes, based in

part on Judge Crane's earlier findings, that heirs other than Plaintiff are the rightful owners of the nine tracts of Property referred to as the Los Mesquites Ranch and San Gregoria Ranch, and enjoins Plaintiff and others acting on his behalf from prosecuting or claiming any property rights to the Property, Plaintiff is not seeking from in this case from that order.  He, instead, seeks relief in the form of monetary damages from Defendants for allegedly unauthorized drilling under the C.V. De Lopez B Lease.  *See Truong*, 717 F.3d at 382-83.  This case, therefore, falls into the second situation described by Truong involving an adverse party.  *Id.*

The court also notes that, although the order by the court in the 229th Judicial District Court enjoins and prohibits Plaintiff from interfering with the various movants' rights under the C.V. De Lopez B Lease, there is no express finding in the order that this lease is on the nine tracts of Property.  Regardless, Plaintiff is not contesting that order here, and Defendants have not presented any legal authority that would allow a federal court to enforce or sanction a federal litigant based on a state injunction.  Accordingly, the court is not convinced that application of the narrow *Rooker-Feldman* doctrine applies here or deprives the court of subject matter jurisdiction.

**C.  Judge Crane's Order Enjoining Plaintiff**

Defendants next contend that Plaintiff is barred from further litigating any claimed interest in the Property—"the Nine Tracts, the related minerals or the CV de Lopez B lease"—in light of Judge Crane's order and other state court orders sanctioning and enjoining him from continuing to sue based on his alleged ownership of the Property despite prior court rulings to the contrary.

As indicated, the Report issued by the magistrate judge accurately details Plaintiff's unsuccessful efforts in litigating his alleged interest in and title to the Property at issue.  The details of these efforts were also included in the order entered on September 20, 2022, by Judge Crane, that dismissed all but one of Plaintiff's claims for failure to state a claim, dismissed the remaining

claim for lack of subject matter jurisdiction, and enjoined Plaintiff from filing suit in federal court premised on his asserted right in the Property. *See Gabriel Rodriguez v. Orlando Rodriguez, et al.*, Case No. 7:22-CV-176 (Sept. 30, 2022 Order at 31, Doc. 73). On May 31, 2023, the Fifth Circuit dismissed as frivolous and inadequately briefed, the appeal taken by Plaintiff in that case. *See id.* at Doc. 84.

In the same opinion, the Fifth Circuit noted some of Plaintiff's previous efforts in litigating this issue before filing suit in the Southern District of Texas to again assert that he is the lawful owner of the Property, even in the face of prior adverse rulings and a settlement involving the Property:

> Texas state courts have determined, on more than one occasion, that Rodriguez has no rights to the property. Additionally, in 2015, a bankruptcy court approved a settlement in which Rodriguez relinquished any remaining interests that he held in the property. Despite those unfavorable judgments, Rodriguez's mother petitioned for review of the earlier state court decisions in 2019. The county court found the lawsuit "a vexatious and harassing attempt to interfere with . . . prior judgments" and enjoined Rodriguez and his mother from any future lawsuits attempting to relitigate any title to the property.
>
> Nevertheless, Rodriguez persisted and filed this suit in district court, alleging that he is the lawful owner of the property.

*Id*. at 2 (Doc. 84).

Defendants contends that Plaintiff's decision to bring this action in the name of "Gabriel-G: Rodriguez" as opposed to "Gabriel G. Rodriquez" is a typical "sovereign-citizen type of obfuscation tactic" and effort by him to avoid the prior rulings, sanctions, and orders enjoining him from bringing further actions involving the Property.

Name variations such as this are common with persons who follow and associate with the "sovereign-citizen movement," which the Fifth Circuit has described "as a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to

state or federal statutes and proceedings." *United States v. Mesquiti*, 854 F.3d 267, 269-70 (5th Cir. 2017) (citing *United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016)).

The court agrees that the slight variation in Plaintiff's name does not shield him from prior rulings, sanctions, and orders enjoining him from bringing further actions involving the Property. This is so because he has relied in response to Defendants' Motions and the Report on prior cases involving him and the Property in which he referred to himself as "Gabriel G. Rodriquez" or "Gabriel Rodriguez." Thus, the court has no pause in concluding that "Gabriel-G: Rodriguez," "Gabriel G. Rodriquez," and "Gabriel Rodriguez" are the same person. Moreover, Plaintiff does not dispute this fact.

Plaintiff's filings in this case and his reliance on prior proceedings involving the Property similarly confirm that his claims regarding the C.V. De Lopez B Lease are premised on his alleged ownership of the nine tracts of Property that is the subject of Judge Crane's order, even though this was not entirely clear from his pleadings. The order entered by the administrative law judge for the Texas Railroad Commission issued on February 17, 2023, confirms that the C.V. De Lopez B Lease involves the same nine tracts of Property. In responding to Defendants' Motion and the Report, Plaintiff does not dispute this. He, instead, merely continues to argue that he owns the Property.

A federal district court may enforce the sanction order of another federal district court. *See Balawajder v. Scott*, 160 F.3d 1066, 1067-68 (5th Cir. 1998) (noting that it previously affirmed policies of the Northern and Southern Districts of Texas to enforce sanctions imposed by other Texas federal district courts) (citations omitted). When one district court takes judicial notice of another district court's judicial actions, enforcement of another district court's sanction order does "not deprive a litigant of his right of access to courts" or notice and an opportunity to be heard

because such a sanction is based on the imposition of a previously imposed sanction rather than a new sanction. *Sparkman v. Charles Schwab & Co.*, 336 F. App'x 413, 415 (5th Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 355-56 (1996)).

Here, Plaintiff was sanctioned and enjoined on September 30, 2022, by Judge Crane, in Case No. 7:22-CV-176, from filing any further federal actions pertaining to the ownership of the Property at issue in that case. In determining whether this action should be dismissed because it violates Judge Crane's order, the court need not resolve the parties' dispute as to whom is the rightful owner of the Property. The only thing that matters in this regard is that this lawsuit involves the same Property that was the subject of Judge Crane's order, which enjoined:

> Plaintiff, [his] counsel, and all persons acting in concert with them . . . from filing suit in federal court premised on Plaintiff's asserted right to the property ordered and judged to belong to [Craig S.] Smith's clients, as described in the 2005 final judgment (Dkt. No. 58, Exh. A) and court-approved bankruptcy settlement (Dkt. No. 58, Exh. B).

Defs.' App. 53 (Doc. 11) (*Gabriel Rodriguez v. Orlando Rodriguez, et al.*, Case No. 7:22-CV-176 (Sept. 30, 2022 Order at 31, Doc. 73). As Plaintiff's asserted right to the mineral interests in the C.V. De Lopez B Lease is premised on his asserted right to the same Property, the court concludes that enforcement of Judge Crane's order is appropriate.

The bankruptcy opinion in Adversary Case No. 21-7005 relied on by Plaintiff does not persuade the court otherwise. The bankruptcy court's decision in that case in October 2021 to deny Plaintiff's motion to remand and retain the action based on its determination that it had jurisdiction over the adversary action because it was a core bankruptcy proceeding is not a comment on the merits of Plaintiff's claimed interest in the Property. Moreover, the bankruptcy court in that case recently entered an order on August 4, 2023, sanctioning Plaintiff and his attorney for frivolous filings that include similar irrelevant references to maritime law and the Civil Rights

Act of 1964.  *See In re Rodriguez*, 652 B.R. 750, 759 (Bankr. S.D. Tex. 2023). The bankruptcy court also concluded that the ownership allegations made by Plaintiff and his attorney amounted to an abuse of judicial process in light of prior court rulings:

> Petitioning Creditors and Smith contend that the purpose of filing the State Court Complaint was to block an upcoming sale of the property and to further harass the Petitioning Creditors. Rodriguez Sr., through [his attorney], has repeatedly advocated that he is the rightful owner of the real property at the heart of this litigation. However, [his attorney] admitted that she has never read the 2007 opinion from the Fourth Court of Appeals affirming that Rodriguez Sr. is not the rightful heir. [The attorney] further testified that she is fully aware that an order was entered by this Court transferring the property interest of Rodriguez Sr. to Petitioning Creditors. From these statements, it is clear that her intent in filing the State Court Complaint was not to raise legitimate arguments and that she has abused the judicial process.

*Id.*

In any event, Plaintiff's reliance on this adversary proceeding reinforces the court's determination that his claims in this case before the undersigned are premised on the same Property at issue in Judge Crane's order.  Plaintiff's filing of this lawsuit, therefore, violates the anti-federal suit injunction put in place by Judge Crane on September 30, 2022. Accordingly, dismissal of this federal lawsuit and the claims asserted by Plaintiff against Defendants is appropriate in light of Judge Crane's order, and Defendants' Motions for dismissal on this ground are **granted.** Plaintiff's federal claims are **dismissed with prejudice**, whereas his state law claims are **dismissed without prejudice**.[5]

---

[5] As written, Judge Crane's only prohibits federal lawsuits by Plaintiff. Dismissing with prejudice Plaintiff's state law claims would in effect expand Judge Crane's order to prohibiting state lawsuits by Plaintiff because it would preclude him from asserting the dismissed state law claims in any court, including state court.  The court has authority to enforce Judge Crane's injunction.  As noted, however, no authority has been cited by Defendants that would authorize the undersigned to enforce a state court injunction.  Thus, the court believes that the better course of action is to leave for Texas state courts the enforcement of any prior state injunctions against Plaintiff in the event he sues Defendants in state court and asserts the same state law claims.  Alternatively, dismissal of Plaintiff's state law claims is appropriate under 28 U.S.C. § 1367(c)(3). *See Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."). District courts have "wide discretion to dismiss state law claims" under Section 1367. *Adams v. Fuller*, 2022 WL 17250191, at *1 (5th Cir. Nov. 28, 2022). Here, no scheduling order

### D. Attorney's Fees and Sanctions

Defendants may file a motion for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(b). Any such motion much be supported by applicable legal authority justifying their entitlement to attorney's fees and costs, as well as appropriate documentation. At this time, the court expresses no opinion regarding Defendants' entitlement to recover attorney's fees and costs or the amount of any attorney's fees and costs that might be awarded.

Defendants' request for the court to "impose sanctions beyond a monetary award . . . and hold Plaintiff and Paul Celestine in contempt" is **denied**. As indicated, this request and argument were raised for the first time in their response to Plaintiff's Notice to the Report. The court also **denies** Defendants' alternative request—for the court to adopt the same anti-suit injunction as Judge Crane and order that any further attempts by Plaintiff or those acting with him or on his behalf to litigate an interest in the Property will be a violation of that injunction and will be punished as contempt of court. Although Defendants contend in their Motion to Dismiss that Plaintiff should be sanctioned and enjoined pursuant to Rule 11, this issue is not adequately briefed, and the only basis urged for applying Rule 11 to sanction Plaintiff in this case is that Judge Crane relied on Rule 11 in sanctioning Plaintiff's prior counsel. Plaintiff, however, is not represented by counsel in this action. Further, as there is currently in place an order enjoining Plaintiff and those on his behalf from continuing to file federal actions premised on his alleged interest in the Property, the court sees no reason for it to enjoin Plaintiff from engaging in similar conduct.

---

has been entered, and no discovery has taken place. Given that the case is at a relatively early stage and minimal judicial resources have been invested in this case, the court determines that dismissal without prejudice of the state law claims asserted by Plaintiff is appropriate in the interests of economy, convenience, fairness, and comity.

**Memorandum Opinion and Order – Page 15**

### III.     Conclusion

Having considered the Motions, pleadings, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them **as modified and supplemented** by this memorandum opinion and order.  Accordingly, the court **overrules** Plaintiff's objections, to the extent his Notice of Evidence was filed for purposes of objecting to the Report. The court also **grants** Defendants' Motions (Doc. 9, 14) on the ground that dismissal of this action is appropriate because it was filed in violation of Judge Crane's order enjoining Plaintiff and others from filing federal actions premised on his alleged right to the Property and **dismisses** this action. For the reasons explained, Plaintiff's federal claims are **dismissed with prejudice**, and his state law claims are **dismissed without prejudice**. Defendants' Motions (Docs. 9, 14) based on subject matter jurisdiction are **denied**; and the Motions are **denied as moot** in all other respects, except that the court will allow Defendants to file a motion for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d). The court will issue judgment by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

It is so ordered this 18th day of September, 2023.

Sam A. Lindsay
United States District Judge