IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GABRIEL G. RODRIGUEZ, § | |
|      PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:23-CV-139-L-BK |
| § | |
| DAVID KILLAM, CLIFFE KILLAM, AND § | |
| KILLAM OIL COMPANY LTD., § | |
|      DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Before the Court for a recommended disposition are Defendants' *Motion for Attorney Fees and Sanctions — Section 1988 and Inherent Authority* (the "Section 1988 Motion") and Defendants' *Motion for Attorney Fees and Sanctions — Federal Rule of Civil Procedure 11* (the "Rule 11 Motion"). Doc 30; Doc. 32. Upon review, the Section 1988 Motion should be **GRANTED**, and the Rule 11 Motion should be **DENIED**.

**I. BACKGROUND**

As the Court of Appeals for the Fifth Circuit recently framed it, "[t]his case arises from [Plaintiff]'s ceaseless efforts to acquire nine tracts of real property and mineral rights ("the [P]roperty") that were bequeathed to his adoptive father in a 1943 will." *Rodriguez v. Rodriguez*, No. 22-40666, 2023 WL 3318033, at *1 (5th Cir. May 9, 2023). The will was probated in 1957, and following protracted litigation, a Texas county judge determined in December 2005 that Plaintiff had no rights in the Property. *Rodriguez v. Garza*, No. 04-06-00139-CV, 2007 WL

2116411, at *4 (Tex. App.—San Antonio July 25, 2007, pet. denied).  What followed was additional extensive litigation over the Property, primarily spawned by Plaintiff and certain of his relatives.  *See generally* Rodriguez v. Rodriguez, No. 04-23-00092-CV, 2023 WL 8246674, at *1 (Tex. App.—San Antonio Nov. 29, 2023), *petition for review filed* (Jan 31, 2024).

In January 2023, Plaintiff filed the instant *Lawsuit for Theft* pertaining to the Property and requested $2 billion in damages due to Defendants' alleged theft, racketeering, and fraud as well as violations of his due process and civil rights.  Doc. 3, *passim*.  Defendants moved to dismiss on a variety of grounds pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.  Doc. 9; Doc. 10, *passim*.  Additionally, Defendants sought sanctions against Plaintiff in the form of an award of fees and costs and an injunction barring Plaintiff and those acting on his behalf from filing any future actions in federal court related to the Property.  Doc. 10 at 22-23.

Ultimately, due to a filing injunction entered against Plaintiff in the Southern District of Texas, the Court dismissed Plaintiff's federal claims with prejudice and dismissed his state law claims without prejudice.  Doc. 26 at 11, 13 (citing *Rodriguez v. Rodriguez*, No. 7:22-CV-00176, Dkt. 73, (S.D. Tex. Sept. 30, 2022)).[1]  The Court also permitted Defendants to file a motion for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d), but denied their request for sanctions under Rule 11 as inadequately briefed.  Doc. 26 at 15-16.  The instant motions followed.  Plaintiff has not responded to either motion.

---

[1] In imposing the injunction, the Southern District judge noted Plaintiff was already subject to a state court filing injunction pertaining to the Property.  He further "enjoined [Plaintiff] from filing suit in federal court premised on Plaintiff's asserted right to property ordered and adjudged to belong to [the rightful heirs]."  *Rodriguez*, No. 7:22-CV-00176, Dkt. 73, at 29-31.  The Fifth Circuit dismissed as frivolous Plaintiff's appeal of the Southern District court's federal filing injunction.  *Rodriguez*, 2023 WL 3318033, at *1.

2

## II. ANALYSIS

### A. The Section 1988 Motion

Defendants assert they should be awarded $12,825.00 in attorneys' fees and $53.00 in costs pursuant to 42 U.S.C. § 1988 and the Court's inherent authority. Doc. 31 at 5, 14. In support, Defendants argue Plaintiff's claims were harassing and frivolous on their face, and Plaintiff brought this suit in direct violation of the federal and state court filing injunctions. Doc. 31 at 13-14.

*1. Award Under Section 1988*

A court may award a prevailing party, other than the United States, attorneys' fees and costs in an action to enforce a provision of, *inter alia*, 42 U.S.C. §§ 1981, 1983 & 1985. 42 U.S.C. § 1988. A fee award in a defendant's favor is warranted if the court finds a plaintiff's suit was "frivolous, unreasonable, or without foundation." See *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). In determining whether a claim meets this standard, courts consider "whether the [plaintiff] established a prima facie case, whether the defendant offered to settle, and whether the court dismissed the case or held a full trial." *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999) (citation omitted).

Liberally construing Plaintiff's complaint, the Court finds he invoked sections 1981, 1983, and/or 1985 vis a vis his due process claim. See Doc. 3 at 2; 42 U.S.C. § 1988; *see also Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 556 (5th Cir. 2008) (noting the district court's award of fees based on the plaintiffs' successful due process claim). Defendants thus are entitled to an award of fees and costs if, upon consideration of the relevant factors, the Court finds that this action was frivolous. *Christiansburg Garment Co.*, 434 U.S. at 421.

Here, due to the Southern District's filing injunction, Plaintiff was not permitted to file

this action in the first place so he could not, under any circumstances, establish a prima facie for relief. *Walker*, 168 F.3d at 240. Defendants represent they have never offered to settle this case and, as noted above, they instead obtained a dismissal pursuant to Rule 12(b) based on the Southern District's injunction. *Id.* On these facts, the Court concludes that Plaintiff's complaint was frivolous for purposes of an award of attorneys' fees pursuant to section 1988. *See Christiansburg Garment Co.*, 434 U.S. at 421; *see, e.g.*, *Wilson v. Lynaugh*, 878 F.2d 846, 851 (5th Cir. 1989) (holding that a prisoner's complaint was properly dismissed as frivolous because it was barred by res judicata).

### 2. Inherent Authority

Alternatively, an award of attorneys' fees and costs is warranted under the Court's inherent authority. "Such powers may be exercised only if essential to preserve the authority of the court and the sanction chosen must employ the least possible power adequate to the end proposed." *Nat'l Gas Pipeline Co. of Am. v. Energy Gathering, Inc.,* 86 F.3d 464, 467 (5th Cir. 1996) (citation omitted). The authority to sanction, including an award of fees and costs, extends to *pro se* litigants. *See Whittington v. Lynaugh*, 842 F.2d 818, 821 (5th Cir. 1988) (affirming monetary sanction imposed on *pro se* prisoner). "A court may assess attorney's fees under its inherent powers when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Matta v. May*, 118 F.3d 410, 416 (5th Cir. 1997). To that end, the court must make specific findings regarding the frivolousness of the suit or the bad faith of a party before awarding such fees. *Crenshaw v. Gen. Dynamics Corp.*, 940 F.2d 125, 129 (5th Cir. 1991).

In view of the Court's previous findings herein and the Southern District's filing injunction, the Court finds this action was frivolous and brought in bad faith such that Defendants are alternatively entitled to attorneys' fees and costs based on the Court's inherent

4

authority. *See* Doc. 20; Doc. 26; *Rodriguez*, No. 7:22-CV-00176, Dkt. 73 (S.D. Tex. Sept. 30, 2022).

### B. Calculation of Attorneys' Fees

The Court of Appeals for the Fifth Circuit employs a two-step process when determining an award of attorneys' fees. *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016) (citation omitted). The first step is the "lodestar" calculation, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* at 392 (citation omitted). In evaluating the reasonableness of the number of hours claimed, courts "determine whether the total hours claimed are reasonable [and] also whether particular hours claimed were reasonably expended." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995) (citation omitted). Courts determine the appropriate hourly rate based on the prevailing community standards for attorneys of similar experience in similar cases. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (citation omitted).

The party seeking attorneys' fees also must present adequately documented time records to the court, which must then deduct all billed time that is excessive, duplicative, or inadequately documented. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citations omitted). The district court also should exclude hours if the case was overstaffed or the hours were redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The hours that survive the court's "vetting process" are those that can be said to have been reasonably expended on the litigation. *Watkins*, 7 F.3d at 457. Nevertheless, a reasonable attorneys' fees award must consider whether the defendant mounted an aggressive defense. *See, e.g., City of Riverside v. Rivera*, 477 U.S. 561, 580 n.11 (1986) ("The [defendant] cannot litigate tenaciously and then be

5

heard to complain about the time necessarily spent by the plaintiff in response") (citation omitted).

Following the calculation of the lodestar, the Court then must determine whether to adjust the fee on the basis of several factors which may be of significance in the case.[2] There is a strong presumption that the lodestar calculation represents the reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (quotations omitted). The most critical factor in determining an attorneys' fees award is the degree of success obtained. *Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003) (quotations and citations omitted).

Defense counsel has submitted an affidavit in support of the requested attorneys' fees, attesting that he spent 42.75 hours litigating this case at an hourly rate of $300.00. Doc. 34 at 179-80. Counsel represents that he has been licensed to practice law in Texas for more than 15 years, is a partner with his firm, and regularly handles general litigation matters in the Dallas-Fort Worth area. Doc. 34 at 179. The Court finds that Plaintiff's proposed $300.00 hourly rate is both reasonable and consistent with the prevailing market rate for the Dallas-Fort Worth legal community as well as with hourly rates for attorneys with similar experience. *See, e.g.*, *US Foods, Inc. v. Picasso's Pizza, Inc.*, No. 3:20-CV-3272-K, 2022 WL 1478554, at *2 (N.D. Tex. Apr. 20, 2022) (Toliver, J.) (finding hourly rates between $385 and $660 to be reasonable),

---

[2] *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). **Error! Main Document Only.**The *Johnson* factors consist of: "(1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation[,] and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). Defendants do not seek any adjustments based on the *Johnson* factors.

*adopted by* 2022 WL 1471443 (N.D. Tex. May 10, 2022) (Kinkeade, J.); *Michaels Stores Procurement Co. v. DMR Constr., Inc.*, No. 3:18-CV-1436-B, 2019 WL 399074, at *2 (N.D. Tex. Jan. 31, 2019) (Boyle, J.) (finding hourly rates between $375 and $675 reasonable).

The Court also has carefully reviewed each of counsel's billing entries and finds that the hours expended were inherently reasonable and do not reflect any excessive, duplicative, or inadequately documented time. *Watkins*, 7 F.3d at 457. Accordingly, Defendant is entitled to an award of attorneys' fees in full in the amount of $12,825.00.

### C. Costs

A prevailing party in a civil action is entitled to recover its costs unless a federal statute, the federal rules, or the court provides otherwise. FED. R. CIV. P. 54(d)(1); *United States v. Lynd*, 334 F.2d 13, 13-14 (5th Cir. 1964) (affirming district court's award of costs in the government's favor and awarding additional costs incurred by the government on appeal). Generally, courts may only tax the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials which were necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920. The Court "may decline to award the costs listed in the statute but may not award costs omitted from the list." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)).

Defendants request costs in the amount of $53.00, consisting of PACER online legal research charges and postage. Doc. 34 at 183, 187, 190. Those costs, however, are not on the enumerated list. As such, the Court finds Defendants are not entitled to an award of costs. *See*

7

*Honestech, Inc. v. Sonic Sols.*, 725 F. Supp. 2d 573, 581-82 (W.D. Tex. 2010) (noting that the "overwhelming weight of authority in this and other circuits rejects [the] view" that a party can recover costs for computerized legal research.) (collecting cases); *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Cap., Inc.*, 952 F. Supp. 415, 418 (N.D. Tex. 1997) ("Postage is not included in section 1920 and is not recoverable as a cost.").

### D.  The Rule 11 Motion

Defendants next request that the Court provide notice to Plaintiff and an opportunity to show cause why he should not be found to have litigated this action in violation of Rule 11 because (1) his claims were facially frivolous and unsupported; (2) his claims had been repeatedly and conclusively resolved against him such that he had no arguable basis to raise them again in this Court; and (3) he filed this suit in direct violation of the Southern District and state court filing injunctions.  Doc. 33 at 13.  Defendants seek the same monetary relief in their Rule 11 Motion as they do in the Section 1988 Motion for a total sanction of $25,650.00 plus costs.  *Compare* Doc. 31 at 14 *with* Doc. 33 at 13 (both requesting an award of $12,825.00 in attorneys' fees and $53.00 in costs).

When a party presents a motion or pleading to a court, it thereby represents that the submission (1) is not being presented for any improper purpose; (2) the legal contentions are warranted by existing law or by a nonfrivolous argument for changes thereto; (3) the factual contentions have or likely will have evidentiary support; and (4) any denials of factual contentions are warranted or reasonably based on belief or a lack of information.  FED. R. CIV. P. 11(b)(1-4).  A motion requesting Rule 11 sanctions must be served on the opposing party, but it cannot be presented to the court if the opposing party withdraws or corrects the challenged paper, claim, defense, or contention within 21 days after service.  FED. R. CIV. P. 11(c)(2).

It does not appear Defendants complied with Rule 11's 21-day safe harbor provision by serving the Rule 11 Motion on Plaintiff and giving him an opportunity to respond despite the fact that "strict compliance" with the notice requirement is mandatory. *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc*., 46 F.4th 374, 388 (5th Cir. 2022) (citation omitted), *cert. denied sub nom. Camellia Grill Holdings Inc. v. Grill Holdings, L.L.C*, 143 S. Ct. 735 (2023). Rather, Plaintiff requests that the Court act pursuant to Rule 11(c)(3). *See* FED. R. CIV. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).").

Under the circumstances presented here, the Court should decline to do so because Defendants are not entitled to a duplicative fee award. The purpose of Rule 11 sanctions is deterrence, not compensation. *See* FED. R. CIV. P. 11 (advisory committee notes); *Elliott v. M/V Lois B*., 980 F.2d 1001, 1007 (5th Cir. 1993) ("This Circuit has held that the purpose of Rule 11 is to deter groundless proceedings, and not necessarily to compensate wronged parties.") (citation omitted). In fact, sanctions awarded on the Court's initiative pursuant to Rule 11(c)(3) are limited to nonmonetary directives or a penalty payable to the court. *Marlin v. Moody Nat. Bank, N.A*., 533 F.3d 374, 379 (5th Cir. 2008) (citing FED. R. CIV. P. 11(c)(4)). Thus, where a party is penalized under Rule 11(c)(3), an award of attorneys' fees is not a valid sanction. *Thornton v. Gen. Motors Corp*., 136 F.3d 450, 455 (5th Cir. 1998); FED. R. CIV. P. 11 advisory committee's note to the 1993 Amendments (clarifying that the rule "provides that a monetary sanction imposed after a court-initiated show cause order be limited to a penalty payable to the court"). In any event, given that Plaintiff is barred from filing future actions in both state and federal court pertaining to the Property, an additional award of sanctions is not likely to have any further significant deterrent effect. Accordingly, Defendants' Rule 11 Motion should be denied.

## III. CONCLUSION

For the foregoing reasons, Defendants' *Motion for Attorney Fees and Sanctions — Section 1988 and Inherent Authority*, Doc. 30, should be **GRANTED** to the extent that Defendants be awarded attorneys' fees in the amount of $12,825.00. Defendants' *Motion for Attorney Fees and Sanctions — Federal Rule of Civil Procedure 11*, Doc. 32, should be **DENIED**.

**SO RECOMMENDED** on March 4, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).