IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| :GABRIEL-G.:RODRIGUEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-139-L-BK** |
| § | |
| **DAVID KILLAM; CLIFFE KILLAM;** § | |
| **and KILLAM OIL COMPANY LTD.,** § | |
| § | |
| Defendants. § | |

# ORDER

Before the court are Defendants' Motion for Attorney's Fees and Sanctions under 42 U.S.C. § 1988 and the court's Inherent Authority (Doc. 30); and Defendants' Motion for Attorney's Fees and Sanctions under Federal Rule of Civil Procedure 11 (Doc. 32) (collectively, "Motions"), filed October 2, 2023. For the reasons that follow, the court **grants** Defendants' Motion for Attorney's Fees and Sanctions under 42 U.S.C. § 1988 and the court's Inherent Authority (Doc. 30); and **denies** Defendants' Motion for Attorney's Fees and Sanctions under Federal Rule of Civil Procedure 11 (Doc. 32). The court also **denies** Plaintiff's request for relief under Federal Rule of Civil Procedure 60(b).

**I.     Procedural Background and Magistrate Judge's Recommendation**

On March 4, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 36) was entered, recommending that the court: (1) grant Defendants' postjudgment Motion for Attorney's Fees and Sanctions under 42 U.S.C. § 1988 and the court's Inherent Authority (Doc. 30); and (2) deny as duplicative Defendants' Motion for Attorney's Fees and Sanctions under Federal Rule of Civil Procedure 11 (Doc. 32). The Report (Doc. 36) further recommends that the court award Defendants $12,825 in attorney's fees, which

Order – Page 1

does not include the $53 in costs sought by Defendants that the magistrate judge determined was not recoverable under Federal Rule of Civil Procedure 54(d)(1).

Both of Defendants' Motions were filed after the court accepted as modified and supplemented the magistrate judge's earlier findings and conclusions (Doc. 20) and: (1) dismissed with prejudice Plaintiff's federal claims in light of the order entered in the Southern District of Texas by United States District Judge Randy Crane enjoining Plaintiff from filing any new federal actions premised on his asserted right to nine tracts of real property that were ordered and adjudged to belong to others; and (2) declined to exercise jurisdiction over Plaintiff's state law claims, which were dismissed without prejudice because they were not precluded by Judge Crane's order prohibiting the filing of federal lawsuits. *See* Doc. 26.

Neither side filed objections to the Report; however, on October 16, 2023, after entry of the judgment in this action, Plaintiff filed objections (Doc. 35) to the magistrate judge's prior August 15, 2023 findings and conclusions (Doc. 20) regarding Defendants' motion to dismiss. In his objections, he seeks relief pursuant to Rule 60(b), contending that the magistrate judge relied on incorrect facts and law, and Judge Crane's judgment is void. He also requests that the "FBI investigat[e] . . . the Magistrate Judge" for alleged partiality in violation of his right to due process under the Fourteenth Amendment to the United States Constitution. Obj. 3. In addition, Plaintiff objects to the sanctions previously imposed by Judge Crane and contends that the judgment entered by him is void for similar reasons under the Fourteenth Amendment.

**II.     Plaintiff's Objections to Magistrate Judge's Prior Findings and Conclusions (Doc. 20)**

Plaintiff's October 16, 2023 objections to the magistrate judge's prior August 15, 2023 findings and conclusions (Doc. 20) were filed more than 28 days after entry of the judgment in this action. The court, therefore, **construes** these objections as a motion for relief under Federal

Rule of Civil Procedure 59(b). *See* Fed. R. Civ. P. 59(e), 60(b).  Rule 60(b) states that the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(l)-(6).  A ruling pursuant to Rule 60(b) is left to the "sound discretion of the district court." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)).  Motions under Rule 60(b)(6) are granted "only [when] extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990)).

Plaintiff's objections do not satisfy any of these grounds.  Instead, he asserts substantially similar merits-based arguments that he made in response to Defendants' motion to dismiss or arguments that could have been made within the time for objecting to the magistrate judge's findings and conclusions regarding Defendants' motion to dismiss.  Additionally, the new grounds raised by him are baseless and without merit.  Accordingly, Plaintiff has not established his entitlement to relief under Rule 60(b), and the court **denies** his request for such relief.

### III.   The Magistrate Judge's Findings and Conclusions Regarding Attorney's Fees

As noted, the magistrate judge recommends that the court grant Defendants' request for attorney's fees as a sanction pursuant to 42 U.S.C. § 1988 and the court's inherent authority (Doc. 30); deny as duplicative Defendants' request for attorney's fees and sanctions under Rule 11 (Doc. 32); and award Defendants $12,825 for the reasonable attorney's fees they incurred in litigating

this action. Having considered Defendants' Motions, the Report to which no objection was made, the file, and record in this case, the court determines that the magistrate judge's findings and conclusions are correct and **accepts** them as those of the court.

IV. **Conclusion**

For the reasons explained, the court **overrules** Plaintiff's objections (Doc. 35) to the magistrate judge's August 15, 2023 findings and conclusions (Doc. 20) regarding Defendants' previously filed motions to dismiss, which it construes as a postjudgment motion for relief under Rule 60(b) and **denies**. With respect to the current Report (Doc. 36) regarding the assessment of attorney's fees against Plaintiff as a sanction, which was not objected to by Plaintiff, the court determines that the magistrate judge's findings and conclusions are correct and **accepts** them as those of the court. Accordingly, the court **grants** Defendants' Motion for Attorney's Fees and Sanctions pursuant to 42 U.S.C. § 1988 and the court's Inherent Authority (Doc. 30); **denies as duplicative** Defendants' Motion for Attorney's Fees and Sanctions under Federal Rule of Civil Procedure 11 (Doc. 32); and **awards** Defendants **$12,825** in attorney's fees.

It is so ordered this 24th day of May, 2024.

_____
Sam A. Lindsay
United States District Judge